**William Harvey DENMAN et al.**

v.

**J. M. HUBER CORPORATION.**

Civ. A. No. 4597.

United States District Court
N. D. Texas,
Fort Worth Division.

Dec. 31, 1964.

Cecil Munn, Fort Worth, Tex., for plaintiff.

Clint C. Small, Jr., Austin, Tex., for defendants.

BREWSTER, District Judge.

*Preliminary Statement*

Plaintiffs have brought this suit seeking to recover damages on the ground that the defendant has been and is breaching its contractual obligation under the royalty clauses of three natural gas leases by refusing to pay for the royalty gas at the alleged market price or market value instead of at the lesser price actually paid during the period from January 1, 1958 to the date of judgment. Each one of the leases involved provided for the payment of a stipulated price until certain designated dates in the latter 1940's. Prior leases involving the parties hereto and covering other tracts provided for the payment of gas royalty on the basis of a net proceeds royalty clause; and the plaintiffs are raising no question about the amounts paid under those leases.

The defendant claims: (1) that this Court lacks jurisdiction over the subject matter because primary administrative jurisdiction thereof is vested in the Federal Power Commission under the Nat-

ural Gas Act. 15 U.S.C.A. Sec. 717 et seq.; (2) that the contractual provisions of the three leases have been and are being met and fully satisfied by payment of the actual price obtained for the royalty gas from the sale under a contract with the pipeline company, because such royalty gas, as well as the defendant's working interest gas, was and is bound by such pipeline company contract; and (3) plaintiffs' royalty gas and defendant's working interest gas were and are subject to the Natural Gas Act, and plaintiffs were and are not entitled to more than the price their gas sales have on the only market for such gas permitted under the Natural Gas Act. The defendant supports its second ground by arguments that the plaintiffs ratified, confirmed and adopted the contract with the pipeline company, and are estopped to deny that such contract fixes the price basis for the royalty gas. Those arguments are taken into consideration in arriving at Conclusion of Law No. 2.

The parties have entered into a joint motion and stipulation stating that the issues in dispute between the parties are:

### "ISSUE NO. 1

"Whether primary administrative jurisdiction of the subject matter is vested in the Federal Power Commission under the Natural Gas Act, 15 U.S.C.A., Secs. 717, et seq.

### "ISSUE NO. 2

"Whether the payment of gas royalties to plaintiffs computed on the proceeds derived from the delivery of the gas produced from the wells described in the Amended Complaint to Northern Natural Gas Company in compliance with the 'Northern Contract,' as amended, fully satisfies all the express and implied obligations of defendant under the terms of the several leases, as amended, which leases are described in the Amended Complaint in respect to the marketing of gas production therefrom and the payment of royalty thereon, irrespective of the market price or the market value in the field of such gas or of gas generally.

### "ISSUE NO. 3

"Whether the plaintiffs are legally entitled to collect royalty from defendant computed at a value or price in excess of the applicable effective date, if any, under the Natural Gas Act, pursuant to the Rules and Regulations of the Federal Power Commission as to gas delivered under the 'Northern Contract' to Northern Natural Gas Company, irrespective of the market price or the market value in the field of such gas or of gas generally.

### "ISSUE NO. 4

"Whether the said gas division orders dated December 27, 1945, identified as Stipulation Exhibits Nos. 48, 49, 50, 51, 52 and 53 were in effect and binding on the plaintiffs on and subsequent to January 1, 1958.

### "ISSUE NO. 5

"The extent, if any, which the level of the market price or the market value in the field with respect to gas production from or allocable to the said 'R Lease' (Stipulation Exhibit No. 7), the said 'B Lease' (Stipulation Exhibit No. 2), and the said 'M Lease' (Stipulation No. 3), since January 1, 1958, has exceeded the per MCF royalty value utilized by the defendant in computing the royalty actually paid to the plaintiffs."

The stipulation further provided:

"The parties are in agreement that Issues Nos. 1, 2, 3 and 4 above stated may be separately tried by the Court, subject to the objections of the parties as hereinafter mentioned, on the basis of the stipulation herein contained, including the Stipulation Exhibits submitted herewith and identified herein, and on the basis of the answers of the parties to written interrogatories on file herein, and the parties jointly request the Court to separately try those four issues and render its opinion thereon on that stated basis and to receive and consider written briefs to be submitted by the parties at time to be fixed by the Court. It is specifically understood and agreed that neither of

the parties, by entering into this joint motion, agrees to the relevancy or materiality of any of the statements of fact, statements of matters not in dispute or Stipulation Exhibits or answers to written interrogatories. In that connection it is understood and agreed that each party may in its brief to the Court raise objections to any of such matters on the grounds that they are immaterial and irrelevant to the issues as above stated but both of said parties waive any objection to any of the Stipulation Exhibits on the ground that they are not the original documents and both parties agree that each of said exhibits is a true and correct copy of an instrument taken from the regularly kept business files of the parties and may be considered, if relevant and material, the same as if the original of such instrument. The parties agree that all objections, if any, to such items on the basis that they are irrelevant or immaterial may be ruled upon by the Court at the time of its ruling upon the merits of the first four issues.

"With respect to Issue No. 5 above stated the parties jointly demand a trial by jury thereof and jointly request that the submission to and trial by a jury of said Issue No. 5 shall be deferred until such time as the Court shall have previously decided said Issues Nos. 1, 2, 3 and 4."

\* \* \* \* \* \*

"It is the purpose and objective of the procedure contemplated by this joint motion, in furtherance of the convenience of the Court and the parties litigant, to permit a decision by the Court of Issues Nos. 1, 2, 3 and 4 above stated on stipulated facts and designated documentary evidence and without oral testimony and prior to the incurring of the expense and time necessary to undertake and complete a market price study or to prepare the expert testimony necessary or desirable for the trial of Issue No. 5, and thereby to dispose of all issues in the case other than Issue No. 5 and thus narrow the remaining area of factual dispute to such Issue No. 5, on which issue alone the parties desire a jury trial."

The Court has approved the joint request of the parties to sever the issues, and hereby decides only 1, 2, 3 and 4 above stated.

### Findings of Fact

The Court adopts by reference as its findings of fact the stipulations contained in the instrument filed herein on August 23, 1963, styled "Joint Motion for Trial by the Court of Certain Separate Issues on Stipulations of Fact, Stipulations of Matters Not in Dispute, and Joint Demand for Jury Trial on Remaining Issues", the stipulation exhibits filed, the answers to the written interrogatories on file herein, and the admissions made by the pleadings. Such matters are voluminous, and no useful purpose would be served by copying them here.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter. 15 U.S.C.A. Sec. 717 et seq.; Federal Power Comission v. Panhandle Eastern Pipeline Company, 1948, 337 U.S. 498, 69 S.Ct. 1251, 93 L.Ed. 1499; Phillips Petroleum Company v. Bynum, 5th Cir., 1946, 155 F.2d 196; Le Cuno Oil Company v. Smith, Tex.Civ.App., 1958, 306 S.W.2d 190, 194, writ ref., n.r.e., cert. den., 356 U.S. 974, 78 S.Ct. 1137, 2 L.Ed. 2d 1147; Magnolia Petroleum Company v. Texas Illinois Natural Gas Pipeline Company, S.D.Tex.1954, 130 F.Supp. 890.

2. During the period covered by this suit, the payment of gas royalties to the plaintiffs computed on the basis of the proceeds derived from the delivery of the gas produced from wells here involved to the pipeline company in compliance with the contract between it and the defendant, as amended, did not satisfy all of the express and implied obligations of the defendant under the terms of the several leases here involved, irrespective of the market price or the market value in the field of such gas or gas generally. Foster v. Atlantic Refining Company, 5th Cir. 1964, 329 F.2d 485; Phillips

Petroleum Company v. Bynum, 5th Cir., 1946, 155 F.2d 196; Union Producing Company v. Pardue, 5th Cir., 1941, 117 F.2d 225; Helvering v. Mountain Producers Corporation, 1938, 303 U.S. 376, 58 S.Ct. 623, 82 L.Ed. 907; W. R. Davis, Inc. v. State of Texas, 1944, 142 Tex. 637, 180 S.W.2d 429.

3. The plaintiffs are legally entitled to collect royalties from the defendant computed at the market value or market price in excess of the applicable effective rate, if any, under the Natural Gas Act pursuant to the rules and regulations of the Federal Power Commission as to gas delivered under the contract between defendant and Northern Natural Gas Company. See cases cited under Conclusion of Law No. 2.

4. The gas division orders dated December 27, 1945, identified as Stipulation Exhibits Nos. 48, 49, 50, 51, 52 and 53, were not in effect and binding on the plaintiffs on and subsequent to January 1, 1958. Phillips Petroleum Company v. Williams, 5th Cir., 1947, 158 F.2d 723; Chicago Corporation v. Wall, 1956, 156 Tex. 217, 293 S.W.2d 844.

5. The fifth issue set out in the stipulation of the parties filed herein on August 23, 1963, should be severed from the other issues in the case and disposed of separately, in accordance with the request made in the joint motion of the parties.

6. Judgment will be entered for the plaintiffs on the issues decided in accordance with these findings of fact and conclusions of law.

### SUPPLEMENTAL FINDINGS OF FACT

Defendant having requested the Court to enter the findings and order prerequisite to a discretionary appeal under 28 U.S.C. § 1292(b) and plaintiffs, having offered no opposition to such request but having stated that by reason thereof plaintiffs were requesting the Court to make detailed findings of fact supplemental to the general findings of fact and conclusions of law filed herein on the 30th day of September, 1964, Now, therefore, the Court makes the following additional

### Findings of Fact

1.

The lessors, in executing the R Lease, B Lease, and M Lease, and the lessee, in accepting such leases, intended to use the terms "market price" and "market value" in the gas royalty clauses therein in their usual and ordinary sense (that is, with reference to the price at which willing buyers at or about the time of deliveries of gas produced from the leases were agreeing to pay willing sellers for comparable gas) and not as synonymous with or identical to proceeds received for gas sold from the premises by the lessee.

2.

At all times since January 1, 1958, the defendant has paid royalty with respect to gas produced from the R Lease, B Lease, and M Lease on the basis of the proceeds received by the defendant from its sale of such gas and without regard to the market price or market value in the field of such gas or gas generally.

3.

Neither the plaintiffs nor their predecessors in interest have at any time material to this litigation made any transportation of natural gas in interstate commerce or any sales in interstate commerce of natural gas for resale for ultimate public consumption for domestic, commercial, industrial, or any other use.